[Opinion delivered February 27, 1886.]

---

[No. 1948.]

JOHN ASKEY *v.* THE STATE.

GAMING — EXHIBITING A GAMING TABLE — CASE STATED.— The evidence discloses that, at a gaming bank, exhibited and dealt by himself, the defendant bet another party that such other party had made a bad bet, and for this act he was convicted of betting at a gaming bank exhibited for the purpose of gaming. *Held,* that the indictment does not authorize the conviction. Within the purview of the statute it was a bet by the bank against a party betting against the bank, and was not a bet against the bank. The evidence establishes the guilt of the defendant of exhibiting and dealing the game for gaming purposes, and of that offense he had been previously convicted, but does not prove the offense of betting at a gaming bank exhibited for the purpose of gaming.

APPEAL from the County Court of Gonzales. Tried below before the Hon. John S. Conway, County Judge.

This conviction was had under an information charging the appellant with betting at a certain banking game exhibited for the purpose of gaming. A fine of $20 was assessed against the appellant.

The substance of the testimony adduced upon the trial was that the defendant was the proprietor of a certain game of monte, exhibited and dealt in the town of Gonzales. That, on the day alleged in the information, one Sam Lockridge bet money upon a certain card thrown out by the defendant as the exhibitor of the bank or dealer, and that the defendant bet the said Lockridge that he had made a bad bet. It was testified that, under the rules of monte bank betting, the dealer or owner of the banking game cannot or does not bet at his own banking game; that he bets as banker against the bettors at the banking game; that, if the dealer or owner of the banking game bets with the bettor, as in this case, it is the banking game enlarging the bet to that amount on the part of the bank against the bettor, and that the exhibitor as banker does not bet against his own money. This was the same act for which the defendant had pleaded guilty of exhibiting a banking game.

The motion for new trial raised the question discussed in the opinion.

*Fly & Davidson*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

WILLSON, JUDGE. This appeal is from a conviction of the offense of betting at a gaming bank, exhibited for the purpose of gaming. It appears from the evidence that said gaming bank was exhibited by the defendant, and that while he was exhibiting the same, and while he was himself dealing it, the game being the one known as *monte*, he made a bet with one of the persons betting at said game, that said person had made a bad bet. It is for making this bet that he has been prosecuted and convicted in this case.

We are of the opinion that the conviction is wrong. The said bet made by him was made as the exhibitor or dealer of the game, and was not a betting at the game within the meaning of the statute. It was a bet by the gaming bank against a player, the same as any other bet between the bank and those playing against

it.  A gaming bank does not bet against itself, but against those who bet at it.  Defendant could not exhibit the game and at the same time bet at it, so as to be guilty of both offenses by one and the same act.  He was unquestionably guilty of exhibiting and dealing the game for gaming purposes, and for such offense it appears he had been tried and convicted in another prosecution.

Because the evidence shows that the offense committed is one for which a conviction under the indictment in this case cannot be sustained, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*